IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE WALLACE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|        vs. | ) Case No. 12-CV-0899-MJR-SCW |
| | ) |
| YOLANDE JOHNSON, | ) |
| KENNETH BARTLEY, and | ) |
| TERRY CALIPER, | ) |
| | ) |
|        Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Maurice Wallace is an inmate in the custody of the Illinois Department of Corrections, housed at Tamms Correctional Center. Pursuant to 42 U.S.C. § 1983, Wallace has filed suit against prison officials for violating his constitutional rights. Wallace alleges that, in retaliation for filing administrative grievances, he was provided an antibiotic medication to which he was allergic.

Pursuant to Federal Rule of Civil Procedure 72(b), Plaintiff Wallace is before the Court appealing: (1) Magistrate Judge Stephen C. Williams' September 27, 2012, Order temporarily staying discovery, pending Defendants filing a motion for summary judgment and/or filing a supplemental response to Wallace's motion for leave to amend the complaint; and (2) Judge Williams' October 3, 2012, ruling taking under advisement Wallace's motions for appointment of counsel (Doc. 38; *see also* Docs. 43 and 48). Wallace's request for reconsideration was denied by Judge Williams (Doc. 37). Wallace now argues that it is unfair to not appoint counsel, and to place his motion to

compel "on the back burner," while allowing Defendants the opportunity to file a motion for summary judgment and to supplement their response to his motion to amend the complaint. Without completing discovery, Wallace contends he will be unable to oppose a motion for summary judgment. Defendants counter that Wallace did not object at the September 27, 2012, hearing before Judge Williams; therefore, he was waived his right to appeal (Doc. 44). Defendants also observe that Judge Williams has not actually ruled on any of Wallace's motion, so he has not been prejudiced; rather, the pleadings are being sorted out before moving forward with discovery issues.

The rulings at issue all concern non-dispositive matters. Therefore, pursuant to Federal Rule of Civil Procedure 72(a), the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." *See also Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). "[T]he district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

Given Wallace's pro se status at this juncture, and the fact that he immediately moved for reconsideration of Judge Williams' September 27, 2012, rulings, the Court does not consider the Rule 72(a) appeal to have been waived.

The undersigned district judge does not perceive any prejudice to Plaintiff Wallace stemming from Magistrate Judge Williams' rulings. Defendants did not have a copy of Wallace's proposed amended complaint prior to the September 27, 2012, hearing before Judge Williams, so they were entitled to review that document and make a supplemental, informed response to Wallace's motion to amend the complaint. If Judge

Williams has both the fully briefed motion to amend the complaint, and Defendants' motion for summary judgment, he will be able to more efficiently determine how to proceed relative to the complaint, as well as the pending discovery issues, and the appropriateness of appointing counsel.  All of these issues are interdependent and Judge Williams' plan promotes the efficient and fair resolution of Wallace's motions.

For the reasons stated, Wallace's appeal of Judge Williams' rulings (which merely postponed ruling on Wallace's motion to amend and motion for counsel) (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 2, 2012

>	s/ *Michael J. Reagan*
>	**MICHAEL J. REAGAN**
>	**UNITED STATES DISTRICT JUDGE**