IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-0899-MJR-SCW |
| | ) |
| YOLANDE JOHNSON, | ) |
| KENNETH BARTLEY, and | ) |
| TERRY CALIPER, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**REAGAN, District Judge:**

Plaintiff Maurice Wallace is an inmate in the custody of the Illinois Department of Corrections, currently housed at Menard Correctional Center. Pursuant to 42 U.S.C. § 1983, Wallace has filed suit against prison officials for violating his constitutional rights while he was housed at Tamms Correctional Center.

Pursuant to Federal Rule of Civil Procedure 72(b), Plaintiff Wallace is before the Court appealing Magistrate Judge Stephen C. Williams' November 27, 2012, Order (Doc. 54) finding Plaintiff's November 20, 2012, motion to amend the complaint (Doc. 52) to be moot because it was essentially duplicative of Plaintiff's August 23, 2012, motion to amend (Doc. 17). Wallace argues that the November proposed amended complaint adds facts, assertions, documentation and authority to the August proposed amended complaint. Wallace questions 'the wisdom" of Judge Williams' ruling.

The ruling at issue concerns a non-dispositive matter. Therefore, pursuant to Federal Rule of Civil Procedure 72(a), the magistrate judge's disposition will be set

1

aside only if it is "clearly erroneous or contrary to law." *See also Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). "[T]he district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

Questioning the wisdom of Judge Williams' ruling, alone, is insufficient to justify overturning that ruling. The August and November proposed amended complaints assert the same legal claims against the same defendants, and the same relief is requested—as noted by Judge Williams. Federal Rule of Civil Procedure 8(a) requires only notice pleading, not fact pleading. Amendment merely to "guild the lilly" is not necessary and only serves to prolong litigation and increase the cost of litigation by necessitating the defendants answer the amended pleading even though no material changes have been made. Furthermore, the undersigned district judge does not perceive any prejudice to Plaintiff Wallace stemming from Magistrate Judge Williams' ruling, and none is alleged.

For the reasons stated, Wallace's appeal of Judge Williams' November 27, 2012, ruling (Doc. 56) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 15, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**